# EXHIBIT B

## TO MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS

Declaration of OSHA Compliance and Safety Health Officer Vance Delsignore (3 pages)

## DECLARATION OF VANCE DELSIGNORE

I, Vance Delsignore, state truthfully as follows:

1.   I currently reside in Washington, Pennsylvania.

2.   I am over the age of 18, and I am of sound mind, capable of making this declaration, and personally acquainted with the facts stated herein.

3.   I am employed by the United States Department of Labor, and I work as a Compliance Safety and Health Officer ("CSHO") for the Occupational Safety and Health Administration ("OSHA").  I work out of the OSHA Pittsburgh Area Office.

4.   I have worked for OSHA as a CSHO for 38 years.

5.   During that time I have conducted approximately 3,500 inspections, and I have conducted over 10,000 witness interviews.

6.   I am the CSHO conducting the inspection of Vorteq Coil Finishers, LLC ("Vorteq") at its worksite located at 125 McFann Road, Valencia, Pennsylvania, 16059 (the "plant" or "worksite").

7.   The investigation was prompted by a horrific fatality at Vorteq's plant involving an employee who was attempting to clean a large chrome roller with coil metal running under and around the chrome roller using his hand and a rag while the machine was running.  The coil metal and the rotating chrome roller created a "nip point."  The employee was pulled in between the roller and the sheet of coil up to his shoulder.  His arm was badly broken, and his chest structure was also badly broken, and he died as a result of his injuries.

8.   As part of my inspection, I visited the worksite in person, examined the coater machine, and examined the area in which the machine is located.  I also conducted interviews of many current and former employees who provided information on the condition of anonymity

and are therefore being treated as government informants.  I have also reviewed government files related to prior inspections, accidents, injuries, and citations related to Vorteq generally and this worksite in particular.

9.   Based on my investigation so far, the evidence indicates: that the machine may not have been compliant with applicable safety regulations; that Vorteq's management employees at the plant may have been aware of the hazardous conditions; and that Vorteq has had similar serious injuries at this plant as well as other plants around the country with the same or similar hazards.

10. I have also obtained the following information regarding employees Michael Trinkley, Timothy Barkley, and Ethan Simmons: Michael Trinkley and Timothy Barkley work at the Vorteq plant and are believed to work in the maintenance department; Ethan Simmons works at the Vorteq plant and is believed to be a machine operator; all three of these employees, at various points in time, experienced injuries or near-misses on the same coater machine while attempting to clean the machine; Vorteq's management was aware of all three incidents; and Mr. Simmons is the individual who first discovered the deceased employees shortly after the fatal accident.

11. I have also obtained the following information regarding Edward McKissick, Chad Wissinger, and Ronald Mahan: Edward McKissick works at the Vorteq plant and is believed to be the general manager or plant manager; Chad Wissinger works at the Vorteq plant and is believed to be in charge of quality control; and Ronald Mahan worked at the Vorteq plant until several weeks ago and is believed to have been the Plant Engineer and Maintenance Department Head; all three individuals have, at various points in time, cleaned the coater machine at issue without proper guarding or locking out the machine; all three individuals were aware that

employees cleaned the coater machine without proper guarding installed and without locking out the machine; and all three individuals were aware of prior employee injuries that occurred while cleaning the coater machine.

12. Based on all of the evidence I have gathered I have determined that Mr. Trinkley, Mr. Barkley, and Mr. Simmons possess highly relevant, first-hand information and that such information must be gathered in order for OSHA to complete a thorough investigation.

13. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

*Vance Delsignore*

Vance Delsignore
Compliance Safety and Health Officer
OSHA

Dated:  2/20/2024